UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| QUINCY FUQUA<br>　　Plaintiff,<br><br>v.<br><br>METRO MEDICAL CENTER, et al.<br>　　Defendants. | No. 3:11-0879<br>JUDGE HAYNES |

M E M O R A N D U M

Plaintiff, Quincy Fuqua, an inmate at the Grayson County Detention Center in Leitchfield, Kentucky, filed this pro se action under 42 U.S.C. § 1983 against the Defendants: Metro Davidson County Medical Center and the Davidson County Criminal Justice Center ("CJC"). Plaintiff seeks damages for the medical treatment provided to him for unspecified wounds in 2010 at the Davidson County Criminal Justice Center. Plaintiff alleges that the wounds would not heal and that after his arrival at his present place of confinement, the medical staff reopened the wounds and discovered gauze.

To state a claim under § 1983, Plaintiff must allege facts that a person or persons, acting under color of state law, deprived him of some right guaranteed by the Constitution or laws of the United States. Bendell-Baker v. Khon, 457 U.S. 830, 838 (1983).

First, a county jail or workhouse is not a person that can be sued under 42 U.S.C. § 1983. Rhodes v. McDannel, 945 F.2d 117, 120

(6th Cir. 1991); *see also* Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007)(a county sheriff's department is also not a "person" subject to liability under § 1983). For these same reasons, the Court concludes that a county medical center also is not a person for a Section 1983 action.

In any event, Plaintiff's allegations reflect that Plaintiff received some medical treatment at the Metro Medical Center, but alleges that its provider failed to remove his gauze. This claim sounds in negligence a tort that under Estelle v. Gamble, 429 U.S. 97, 104-05(1976) is a state law claim, not an Eighth Amendment violation.

Thus, the Court concludes that Plaintiff's complaint fails to state a claim upon which relief can be granted. Under such circumstances, the Court must dismiss the complaint sua sponte. 28 U.S.C. § 1915(e)(2).

An appropriate order is filed herewith.

_____
WILLIAM J. HAYNES, JR.
United States District Judge